UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMY BIBBS,

    Plaintiff,

v.

Sergeant SINGH; et al.,

    Defendants.
                             /

No. C 09-2031 MHP (pr)

**ORDER OF SERVICE**

### INTRODUCTION

Tommy Bibbs, an inmate at the Salinas Valley State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

Bibbs alleges in his complaint that he was subjected to excessive force on December 20, 2007. He alleges that he had an argument with correctional sergeant Singh about his access to the canteen, after which Singh had him removed from his cell. Singh and correctional officer ("C/O") Basic took Bibbs to a mini-yard and pat-searched him. Sergeant Singh and Bibbs then exchanged more words about the canteen issue. Sergeant Singh made him walk further toward the dining hall, and then summoned C/O Reynoso. C/O Reynoso then said something and punched him. Sergeant Singh slammed him to the ground. Then Reynoso and Singh beat him, and C/O Basic and "Def; 'B'" joined in the beating. Within several minutes, at least eight unnamed officers joined in the beating. Bibbs was then taken to a holding cell, where he was examined by one or two MTAs, who purported not to see any injuries. He "instantly" wrote an inmate appeal.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Liberally construed, the complaint states a § 1983 claim against defendants Singh, Basic, and Reynoso for the use of excessive force against Bibbs.

The complaint also alleges that the defendants beat Bibbs in retaliation for his expressed disagreement with sergeant Singh about the canteen issue. Liberally construed, the allegations of the complaint state a § 1983 claim against defendants Singh, Basic and Reynoso for retaliation. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

The complaint, liberally construed, also states a claim against "Def; 'B'" and the Doe defendants for excessive force based on their alleged participation in the beating but does not

2

state a retaliation claim, because the allegations show them joining in a beating without being aware of the reason for it. Although an excessive force claim is stated, there is insufficient information to order service of process on these unidentified persons. If a plaintiff does not know the true name of the alleged wrongdoers, he may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe # 2 etc. Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names. The court will not stall this action while plaintiff tries to learn the name of the John Doe defendants and "Def; 'B.'" Rather, plaintiff must promptly take steps to discover the name of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. Plaintiff must provide the true names and identities of the Doe defendants and "Def; 'B'" within 120 days of the date of this order or they may be dismissed without prejudice to him filing another action against them.

In addition to the excessive force and retaliation claim, Bibbs' complaint lists other claims for relief. Plaintiff's second claim for relief is just a restatement of his excessive force claim – the addition of the phrase "due to arbitrary and or capriciousness" does not make it a separate claim. His fourth claim is for a conspiracy, but the conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983. Woodrum v. Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989).

Bibbs has moved for appointment of counsel to represent him in this matter. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section

3

1915(e)(1). At this stage, the court is unable to see that appointment of counsel is necessary in this case. Accordingly, the motion for appointment of counsel is DENIED.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff has stated cognizable § 1983 excessive force and retaliation claims against defendants Singh, Basic and Reynoso. The other claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and this order upon the following individuals, all of whom apparently are employed at Salinas Valley State Prison:

- correctional sergeant Singh
- correctional officer Basic
- correctional officer Reynoso

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 18, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 22, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or

4

authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

  c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **February 12, 2010**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  7. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 4.)

IT IS SO ORDERED.

Dated: October 5, 2009

Marilyn Hall Patel
United States District Judge

5