UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMY BIBBS,                                               No. C 09-2031 MHP (pr)

          Plaintiff,                               **ORDER**

     v.

Sergeant SINGH; et al.,

          Defendants.
                                 /

        This pro se prisoner's civil rights action under 42 U.S.C. § 1983 is now before the court for consideration of an amended complaint and several miscellaneous motions.

A.     The Amended Complaint

        The court reviewed the original complaint and ordered service of process on three defendants. Thereafter, plaintiff filed an amended complaint that named three more defendants who had not been identified by their true names in the complaint. Defendants filed a motion for the court to screen the amended complaint under 28 U.S.C. § 1915A.

        At the time he filed his amended complaint, plaintiff had a right to amend once without leave of court because no responsive pleading had been filed. Fed. R. Civ. P. 15(a). The amended complaint is now the operative pleading from plaintiff.

        The court has reviewed the amended complaint as required by 28 U.S.C. § 1915A. The amended complaint does not differ much from the complaint. The amended complaint provides true names for previously inadequately named defendants who had participated in the use of force on plaintiff on December 20, 2007. Specifically, the defendant correctional officer referred to as "Def; 'B'" in the original complaint is identified as correctional officer Betancourt and two of the several correctional officers referred to as "defendants/officers

1  whom I don't know by name, but I can identify," Complaint attach., p. 2, are identified as
2  correctional officer Mora and correctional officer Salgado in the amended complaint.  The
3  description of facts and the analysis in the order of service for the claims in the original
4  complaint remains the same for the amended complaint, with the addition of true names for
5  three newly named defendants in the amended complaint.  The amended complaint states (1)
6  a cognizable excessive force claim against defendants Singh, Basic, Reynoso, Betancourt,
7  Mora and Salgado; and (2) a cognizable retaliation claim against defendants Singh, Basic,
8  and Reynoso.  All other claims and defendants are dismissed.  The court will order service
9  on the three new defendants and set a new briefing schedule later in this order.

10  B.     Motion For Appointment of Counsel

11       Plaintiff filed a motion to vacate judgment.  No judgment has been entered that could
12  be vacated and the text of the motion makes clear that it is a motion for reconsideration of the
13  denial of plaintiff's motion for appointment of counsel.  Upon due consideration, the court
14  DENIES the motion for reconsideration.  Counsel will not be appointed for plaintiff.
15  See Order of Service, pp. 3-4 (denying original request for appointment of counsel).

16  C.     Motion To Quash

17       Plaintiff filed a motion to quash the notice of his deposition that was scheduled for
18  March 18, 2010.  It does not appear that plaintiff sent the motion to defendants, and they
19  never responded to it.  In his motion, plaintiff requested that he be allowed sufficient time to
20  seek counsel to represent him before having to be deposed.  Plaintiff has now had nine
21  months (since the denial of his first request to the court for appointment of counsel), which
22  has been more than enough time for plaintiff to engage in a reasonable search for counsel to
23  represent him.  Plaintiff also urged that his deposition should not go forward until the court
24  reviewed his amended complaint.  Although this argument is weak – because the amended
25  complaint did not make any significant changes to his original complaint other than
26  providing names for three defendants -- this order now provides him with the information he
27  allegedly needed to wait for before being ready to be deposed.  There is no reason for any
28  further delay in taking plaintiff's deposition.  If they have not yet taken plaintiff's deposition,

2

defendants may do so now upon proper notice to him. Plaintiff's motion to quash the notice of deposition is DENIED. (Docket # 19.)

In the motion to quash the notice of deposition, plaintiff also requested that the court stay the deadline for filing of dispositive motions. The court will reset the deadline for dispositive motions so that the three new defendants can be served with process. That new schedule provides sufficient time for diligent litigants to engage in discovery – especially in light of the relatively straightforward claims that are asserted by plaintiff.

## CONCLUSION

For the foregoing reasons,

1. In the amended complaint, plaintiff has stated a cognizable § 1983 excessive force claim against defendants Singh, Basic, Reynoso, Betancourt, Mora and Salgado, and a cognizable § 1983 retaliation claim against defendants Singh, Basic, and Reynoso. All other claims and defendants are dismissed.

2. Defendants Singh, Basic and Reynoso have been served with process and have appeared in this action.

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and this order upon the following individuals, all of whom apparently are employed at Salinas Valley State Prison:

- correctional officer Betancourt
- correctional officer Mora
- correctional officer Salgado

4. In order to expedite the resolution of this case, the following new briefing schedule for dispositive motions replaces the one set in the Order Of Service:

a. No later than **October 29, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **December 3,**

**2010**. Plaintiff must bear in mind the notice and warning regarding summary judgment in the Order Of Service as he prepares his opposition to any summary judgment motion.

        c.      If defendants wish to file a reply brief, they must file and serve the reply brief no later than **December 17, 2010**.

    5.    Defendants' motion to screen the amended complaint is GRANTED.  (Docket # 20.)   This order does the screening contemplated by 28 U.S.C. § 1915A.

    6.    Plaintiff's "motion to vacate judgment," which is a mislabelled motion for reconsideration of the denial of appointment of counsel, is DENIED.  (Docket # 21.)

    7.    Plaintiff's motion to quash the notice of deposition is DENIED.  (Docket # 19.)

IT IS SO ORDERED.

Dated: July 15, 2010                              _____
                                                      Marilyn Hall Patel
                                                      United States District Judge